UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RENEE J. MEECE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 1:15-cv-0666-DKL-WTL |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

*Entry on Judicial Review*

Renee J. Meece appeals the decision of the Commissioner of Social Security denying her application for social security benefits. The parties have consented to the Magistrate Judge's exercise of jurisdiction, and the District Judge has referred the case to the undersigned to conduct all proceedings and enter judgment in this matter pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

## I. Background

Meece applied for disability insurance benefits and supplemental security income, alleging disability beginning June 2, 2011, due to bipolar disorder, schizophrenia, panic attacks, arthritis of the left hip and jaw, vertigo, dyslexia, and illiteracy. [R. 229.] Her claims made their way through the agency proceedings, and a hearing was held before an Administrative Law Judge ("ALJ") who denied her claims upon finding that she was

not under a disability. The Appeals Council denied review, and Meece filed this action, seeking judicial review of the ALJ's decision.

## II. Discussion

Judicial review of the ALJ's decision is limited to determining whether the findings are supported by substantial evidence and whether an error of law has been made. *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court considers the record as a whole and cannot reweigh the evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *See Stepp*, 795 F.3d at 718. The ALJ need not specifically address every piece of evidence in the record, but must build a "logical bridge" from the evidence to her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

Meece raises three main arguments on appeal: (1) the ALJ's finding that she did not meet or equal Listing 12.05(C) (intellectual disability) is not supported by substantial evidence; (2) the ALJ erred in failing to summon a medical advisor to testify whether her combinedimpairments medically equaled any listed impairment such as Listing 12.05(C); and (3) substantial evidence fails to support the ALJ's decision that she could perform some jobs because the hypothetical to the vocational expert did not account for her moderate impairments in social functioning and concentration, persistence, or pace.

Plaintiff's first two arguments are closely related. A "claimant bears the burden of proving [her] condition meets or equals a listed impairment," and she must show that she meets all of the criteria of the listed impairment. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). Nonetheless, an ALJ must consider an expert's opinion on the issue of medical equivalence. *Barnett v. Barnhart*, 381 F.3d 664, 670-71 (7th Cir. 2004). As Defendant points out, a state agency physician or psychologist opinion on a disability form satisfies this requirement and provides substantial evidence on the issue of medical equivalence. *See Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004).

However, in this case, the ALJ's written decision does not show that he relied on such an opinion in finding that Meece does not have an impairment or combination of impairments that meets or medically equals the severity of a Listing. Although the ALJ's decision explicitly addresses Listings 12.04 (affective disorders), 12.05 (intellectual disability) and 12.06 (anxiety-related disorders), the state agency physicians and psychologists did not address Listing 12.05. They addressed only Listings 12.02 (organic mental disorders), 12.04, and 12.06. [R. 72, 85.] Moreover, the ALJ's written decision never even refers to, cites, or mentions the state agency opinions or the disability forms. [*See* R. 14-21.] Therefore, the ALJ's finding that Meece's mental impairments, singly and in combination, do not meet or medically equal the severity of Listing 12.05 is not based on an expert opinion and is not supported by substantial evidence.

Plaintiff also argues that the hypothetical to the vocational expert failed to account for her limitations in social functioning and concentration, persistence, or pace, as found by the ALJ. The ALJ determined that Meece had a moderate limitation in social

3

functioning and in concentration, persistence, or pace. [R. 14.] Despite those limitations, the ALJ found that Meece "does not have such deficits in this area [concentration, persistence, or pace] that she cannot focus attention on or maintain appropriate task pace on tasks which are routine and repetitive in nature and which do not require frequent public or co-worker contact." [R. 14 n. 1.] While the ALJ's hypothetical to the vocational expert did not explicitly mention moderate limitations in the areas of social functioning and concentration, persistence or pace, it did limit the individual to "routine and repetitive tasks only" that "might have several steps or details involved, [but] they would not be complex, or complicated, or hard to remember." [R. 59.] The hypothetical further limited the individual to tasks that required no "more than occasional public contact" and no "more than occasional interactions with co-workers, meaning the co-workers might be present but the person would not have to interact with them on more than occasional basis." [R. 59.] Therefore, the hypothetical captured the moderate limitations that the ALJ found Meece to have in the areas of social functioning and concentration, persistence or pace.

### III. Conclusion

The Commissioner's decision denying Meece's disability insurance benefits and supplemental security income will be **vacated** and **remanded** for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

DATED: 05/31/2016

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

4

Electronic distribution to counsel of record

Case 1:15-cv-00666-DKL-WTL   Document 32   Filed 05/31/16   Page 5 of 5 PageID #: 580